```
 1  KAREN P. HEWITT
    United States Attorney
 2  NICOLE ACTON JONES
    Assistant U.S. Attorney
 3  California State Bar No. 231929
    United States Attorney's Office
 4  880 Front Street, Room 6293
    San Diego, California  92101-8893
 5  Telephone: (619) 557-5482
    Email: nicole.jones@usdoj.gov
 6
    Attorneys for Plaintiff
 7  United States of America

 8                   UNITED STATES DISTRICT COURT

 9                  SOUTHERN DISTRICT OF CALIFORNIA

10  UNITED STATES OF AMERICA,   )   Case No.   07CR3239-JM
                                )
11              Plaintiff,      )   DATE: January 11, 2008
                                )   TIME: 11:00 a.m.
12      v.                      )
                                )   GOVERNMENT'S RESPONSE AND
13  LEONARDO SAN JUAN, JR.,     )   OPPOSITION TO DEFENDANT'S
                                )   MOTION TO OBTAIN A BILL OF
14              Defendants.     )   PARTICULARS
                                )
15                              )
                                )   TOGETHER WITH STATEMENT OF
16                              )   FACTS AND MEMORANDUM OF POINTS
                                )   AND AUTHORITIES AND GOVERNMENT'S
17  _____)   MOTION FOR RECIPROCAL DISCOVERY
```

18      COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and

19 through its counsel, Karen P. Hewitt, United States Attorney,

20 and Nicole Acton Jones, Assistant United States Attorney, and

21 hereby files its response and opposition to Defendant's above-

22 referenced motion and the Government's Motion for Reciprocal

23 Discovery. Said response is based upon the files and records of

24 this case, together with the attached statement of facts and

25 memorandum of points and authorities.

26 //

27 //

28 //

**I.**

**STATEMENT OF THE CASE**

On November 29, 2007, a grand jury returned a one-count Indictment against defendant Leonardo San Juan, Jr., charging him with possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d). On December 5, 2007, Defendant was arraigned on the Indictment and entered a plea of not guilty.

**II.**

**STATEMENT OF FACTS**

On June 25, 2006, a cooperating citizen received information from an unidentified female that her boyfriend, an active duty Marine, was in possession of AK-47 machineguns that he had brought back from his tours of duty in Iraq. Agents with the Naval Criminal Investigative Service conducted an investigation and identified the female as Christina Ramirez. On June 28, 2006, agents interviewed Ramirez at her residence. Ramirez stated she leased the residence with her fiancé, Leonardo San Juan, Jr. A consent search of the apartment and its associated garage revealed an AK-47 machinegun hidden in the garage.

Testing of the firearm by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) revealed that the firearm was a functional, fully-automatic AK-47. In addition, the ATF determined that the machinegun had been manufactured at a factory in Bulgaria and additional markings on the weapon indicated it had been issued to the Iraqi National Forces.

A search of the National Firearms Registration and Transfer Record revealed no registration records or authorizations allowing Defendant to possess a fully automatic weapon.

**III.**

**POINTS AND AUTHORITIES**

A. DEFENDANT'S MOTION FOR A BILL OF PARTICULARS SHOULD BE DENIED

1. Introduction

Defendant seeks to obtain a Bill of Particulars but fails to explain how the Indictment is insufficient or specify what additional information is allegedly required. The Indictment states that Defendant is being charged with possessing a fully automatic AK-47 machinegun, which had not been registered to Defendant in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5861(d). The charge is clear and specific and contains all of the "essential facts" of the offense charged.[1] Fed.R.Crim.P. 7(c)(1). Defendant's motion should be denied.

2. The Applicable Law

In determining whether a request for a Bill of Particulars should be granted, courts look initially to whether the indictment is sufficient to inform the defendant of the charges against him and avoid unfair surprise or prejudice. See United States v. Calabrese, 825 F.2d 1342, 1347 (9th Cir. 1987)(motion for Bill of Particulars denied when indictment sufficient to inform defendant of charges and no surprise or prejudice); United States v. Mitchell,744 F.2d 701, 705 (9th Cir. 1984)(one of the purposes of a Bill of Particulars is to minimize the danger of unfair surprise at trial). "Generally, an indictment

---

[1] The Government notes that it will be seeking a superceding indictment to correct a clerical error regarding the date alleged in the indictment. The correct date is on or about June 28, 2006.

3

is sufficient if it sets forth the elements of the charged offense so as to ensure the right of the defendant not to be placed in double jeopardy and to be informed of the offense charged." United States v. Fernandez, 388 F.3d 1199, 1217 -1218 (9th Cir. 2004)(citations and quotations omitted).

3. <u>A Bill of Particulars Is Neither Necessary Nor Required</u>

The one-count indictment charges Defendant with possession of an unregistered firearm in violation of Title 26 U.S.C. § 5861(d). In order for Defendant to be found guilty of this charge, the Government need only prove two elements: (1) that Defendant knowingly possessed the firearm and (2) the firearm was not registered to Defendant in the National Firearms Registration and Transfer Record. See Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, §9.31 (West ed. 2003). The term "firearm" is defined at 26 U.S.C. § 5845(a). The definition of "firearm" includes a "machinegun," which in turn is defined as "any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger." See 26 U.S.C. § 5845(b).

The Indictment in this case clearly states that Defendant willfully and unlawfully possessed a "fully automatic AK-47 machinegun, which had not been registered to defendant in the National Firearms Registration and Transfer Record." Thus, the indictment not only sets forth the two elements of offense charged, the indictment also provides a clear description of the charged firearm.

1    Moreover, "[f]ull discovery will obviate the need for a Bill
2 of Particulars." United States v. Long, 706 F.2d 1044, 1054
3 (9th Cir. 1983); United States v. Clay, 476 F.2d 1211, 1215 (9th
4 Cir. 1973)(full discovery will obviate the need for a bill of
5 particulars); United States v. Mitchell, 744 F.2d 701, 705 (9th
6 Cir. 1984) (no allegation that full discovery was not afforded
7 pursuant to Rule 16). Here, the Government has already provided
8 a significant amount of discovery, and will provide all Rule 16
9 discovery and even Jencks statements prior to the trial in this
10 matter.

11    The Government has thus far provided Defendant with over 76
12 pages of discovery, and will provide any additional discovery on
13 an ongoing basis. The discovery produced to date includes
14 reports of witness interviews, copies of sworn statements,
15 reports detailing the results of testing conducted by the ATF
16 and the results of the National Firearms Act records checks. In
17 this case, Defendant has little, if any, chance of being
18 unfairly surprised at trial.

19    In sum, the indictment sets out the essential facts of the
20 crime charged with sufficient specificity for Defendant to, if
21 appropriate, invoke the Double Jeopardy Clause. It also
22 provides sufficient notice of the charged offense to allow
23 Defendant to prepare for trial. Finally, the discovery already
24 provided, and the Government's intent to provide further
25 discovery, including Jencks materials, prior to trial obviates
26 any need for a Bill of Particulars in this case. Defendant's
27 motion should therefore be denied.
28 //

5

**IV.**

**MOTION FOR RECIPROCAL DISCOVERY**

The United States moves the Court to order Defendant provide all reciprocal discovery to which the United States is entitled under Rules 16(b) and 26.2. Rule 16(b)(2) requires Defendant to disclose to the United States all exhibits and documents which Defendant "intends to introduce as evidence in chief at the trial" and a written summary of the names, anticipated testimony, and bases for opinions of experts the defendant intends to call at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.

**V.**

**CONCLUSION**

For the foregoing reasons, the Government respectfully requests that Defendant's motion for a bill of particulars be denied and that the Government's motion for reciprocal discovery be granted.

DATED:   January 3, 2008.

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/Nicole Acton Jones
NICOLE ACTON JONES
Assistant U.S. Attorney

6

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 07CR3239-JM |
| Plaintiff, ) | |
| v. ) | CERTIFICATE OF SERVICE |
| LEONARDO SAN JUAN, JR. ) | |
| Defendant. ) | |

IT IS HEREBY CERTIFIED THAT:

I, Nicole Acton Jones, am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action.  I have caused service of **Government's Response and Opposition and Motion for Reciprocal Discovery** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1) Joseph H. Low, IV

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 3, 2008.

                                    s/Nicole Acton Jones
                                    NICOLE ACTON JONES
                                    E-mail: nicole.jones@usdoj.gov