KAREN P. HEWITT
United States Attorney
NICOLE ACTON JONES
TARA MCGRATH
Assistant U.S. Attorneys
California State Bar Nos. 231929, 254209
Federal Office Building
880 Front Street, Room 6293
San Diego, California  92101-8893
Telephone: (619) 557-5482/6920
Nicole.Jones@usdoj.gov
Tara.McGrath@usdoj.gov

Attorneys for Plaintiff
United States of America

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LEONARDO SAN JUAN, JR.,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Criminal Case No.  07CR3239-JM<br><br>GOVERNMENT'S TRIAL MEMORANDUM<br><br>Date:　　　　June 2, 2008<br>Time:　　　　9:00 a.m.<br>Honorable:  Jeffrey T. Miller |

        COMES NOW the plaintiff, United States of America, by and through its counsel, Karen P. Hewitt, United States Attorney, and Nicole Acton Jones and Tara McGrath, Assistant United States Attorneys, respectfully submits the following Trial Memorandum.

//

//

//

//

**I**

**STATEMENT OF THE CASE**

**A.    INDICTMENT**

On November 29, 2007, a grand jury returned a one-count Indictment against defendant Leonardo San Juan, Jr., charging him with possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d). On December 5, 2007, Defendant was arraigned on the Indictment and entered a plea of not guilty. On February 15, 2008, Defendant was arraigned on a one-count superseding Indictment and entered a plea of not guilty.

**B.    TRIAL STATUS**

Trial is scheduled for Monday, June 2, 2008, at 9:00 a.m. before the Honorable Jeffrey T. Miller.  The United States anticipates that its case-in-chief will last one to two days.

**C.    STATUS OF COUNSEL**

Defendant is represented by retained counsel, Joseph H. Low IV.

**D.    CUSTODY STATUS**

Defendant is out of custody on a $25,000 personal appearance bond.

**E.    INTERPRETER**

The United States does not need an interpreter for any of its witnesses.

**F.    JURY WAIVER**

Defendant has not waived trial by jury.

**G.    PRETRIAL MOTIONS**

On December 21, 2007, Defendant filed a motion for a bill of particulars.  The Government filed its response and

07CR3239-JM

opposition to this motion January 3, 2008.  On January 4, 2008, the Government filed a motion for reciprocal discovery. At the motion hearing on February 15, 2008, the Court denied Defendant's motion for a bill of particulars and deferred ruling on the Government's motion for reciprocal discovery.

Motions **in limine** are scheduled to be heard on May 30, 2008.  The Government has filed motions **in limine** to 1) admit statements by Ramirez; 2) admit statements by defendant 3) allow video of AK-47; 4) preclude inflammatory tesitmony and 5) preapprove voir dire questions.  The Government has also filed a motion to permit the Government to bring the firearm into the Courthouse.

**H.   STIPULATIONS**

The Government and Defendant have not entered into any stipulations.

**I.   DISCOVERY**

The United States has complied and will continue to comply with its discovery obligations.  Defendant has provided the names of some potential witnesses, but has not provided reciprocal discovery regarding exhibits or documents to be used at trial or expert disclosures.

**II.**

**STATEMENT OF FACTS**

On June 25, 2006, Captain Glenn Davis, United States Marine Corps Reserve, was working at the Iron Sights gun range when a then unidentified female came to the range to learn how to shoot her boyfriend's .45 caliber semi-automatic handgun for protection.  Captain Davis attempted to teach her how to

3

use the gun, but the female had difficulty with the weapon's slide and safety.  Captain Davis asked the female if she had anything else, meaning another gun.  The female responded that she had AK's in her garage.  After the female left the gun range, Captain Davis contacted law enforcement.

Agents with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and the Naval Criminal Investigative Service (NCIS) conducted an investigation and, by tracing 911 calls, identified the female as Christina Ramirez.  On June 28, 2006, ATF Agent Schmidt talked to Ramirez at her residence.  Ramirez stated she leased the residence with her fiancé, Leonardo San Juan, Jr. (the Defendant).  A consent search of the apartment and its associated garage revealed an AK-47 machinegun in a plastic container in the back of the garage, hidden beneath military clothing and gear bearing Defendant San Juan's name.

On or about June 29, 2006, Agent Schmidt received a voicemail message from Defendant San Juan stating that he knew guns were taken from his house and inquiring as to what was going on.  Agent Schmidt relayed the message to NCIS Agent Tedla.  On June 29, 2006, Agent Tedla spoke over the telephone with Defendant San Juan, who stated that he knew his weapons were taken the previous day from his house and he wanted to know what was going on.

Testing of the weapon found in Defendant's garage by ATF Firearms Enforcement Officer Michael Knapp revealed that the firearm was a functional, fully-automatic AK-47.  In addition, Knapp determined that the machinegun had been manufactured at

07CR3239-JM

1  a factory in Bulgaria and additional markings on the weapon

2  indicated it had been issued to the Iraqi National Forces.

3      A search of the National Firearms Registration and

4  Transfer Record revealed no registration records or

5  authorizations allowing Defendant to possess a fully automatic

6  weapon.

7                          **III**

8                     **PERTINENT LAW**

9      Title 26, U.S.C., Section 5861(d), provides that it is

10 unlawful for any person to receive or possess a firearm which

11 is not registered to him in the National Firearms

12 Registration and Transfer Record.

13     The definition of firearm in 26 U.S.C. § 5845(a) includes

14 "machineguns," which in turn is defined as "any weapon which

15 shoots, is designed to shoot, or can be readily restored to

16 shoot, automatically more than one shot, without manual

17 reloading, by a single function of the trigger."

18     To establish a violation of Section 5861(d), the

19 Government must prove beyond a reasonable doubt that:

20     (1)      the defendant knowingly possessed the firearm;

21              and

22     (2)      the firearm was not registered to the defendant

23              in the National Firearms Registration and

24              Transfer Record.

25     The government must prove that the defendant knew of

26 those features which brought the firearm within the scope of

27 the statute. See Staples v. United States, 511 U.S. 600, 619

28 (1994) ("to obtain a conviction, the Government should have

1   been required to prove that petitioner knew of the features of

2   his AR-15 that brought it within the scope of the Act"). <u>See</u>

3   <u>also</u> <u>United States v. Gergen</u>, 172 F.3d 719, 724 (9th Cir.

4   1999).   Thus, in this case the Government must prove that

5   Defendant knew of the firearm's capability to fire in an

6   automatic mode.   <u>See</u> <u>United States v. Smith</u>, 217 F.3d 746,

7   750-51 (9th Cir. 2000).

8                                  **IV**

9                           <u>**WITNESSES**</u>

10       The Government reserves the right to add, omit,

11   substitute or change the order of witnesses.  Presently, the

12   Government intends to call the following witnesses during its

13   case-in-chief:

14       1.   Captain Bradley Fultz, USMC

15       2.   Sergeant Dirk Myers, USMC

16       3.   Gunnery Sergeant Justin Sisario, USMC

17       4.   Chief Warrant Officer 3 Jesus De la Trinadad, USMC

18       5.   Staff Sergeant Michael Wold, USMC

19       6.   Captain Glenn Davis, USMCR

20       7.   John Schmidt, ATF

21       8.   Alex Tedla, NCIS

22       9.   Michael Knapp, ATF

23       10.  Matt Beals, ATF

24                                  **V**

25                          <u>**EXHIBIT LIST**</u>

26       The Government will provide a final exhibit list on the

27   morning of trial.  Presently, the Government intends to offer

28   into evidence the following:

1.   Lease

2.   Consent to Search Form

3.   Photographs of garage

4.   AK-47

5.   Receipt and Inventory

6.   SDG&E Utility documents

7.   Certified copy of National Firearms Registry search results

8.   Video of AK-47

## VI

### PROPOSED VOIR DIRE

1.   Does anyone have strong feelings regarding the Bureau of Alcohol, Tobacco, Firearms and Explosives, *i.e.* ATF?

2.   Is anyone a member of any organizations, groups or clubs that advocate for or against the possession or use of firearms?

3.   Does anyone have strong feelings about gun laws?

4.   Does anyone believe that gun laws are too harsh?

5.   Does anyone have experience with machineguns?

6.   What does a person who illegally possesses an automatic machine gun look like?

7.   Does everyone agree that any preconceived ideas of what a person who illegally possesses a machine gun looks like should not be considered when evaluating the facts in this case?

8.   Does anyone have a strong opinion either in support of or in opposition to the war in Iraq?

7

1          A.   For those who answered yes, what is your

2               position?

3          B.   Will that position have an impact on how

4               you evaluate the testimony of military

5               witnesses in this case?

6          C.   For those of you who expressed a strong

7               opinion in support of the war in Iraq, will

8               that opinion impact your ability to

9               impartially evaluate the evidence presented

10              against the Defendant who has served in

11              Iraq?

12   9.   Is anyone currently serving in the military or a

13       veteran of any military service branch?

14         A.   For those of you who answered yes, did you

15              serve in a war?

16         B.   For those of you who served in a war, did

17              you bring home any mementoes or items from

18              the war belonging to the enemy for example

19              a flag, personal item or weapon?

20         C.   If so, where is that item now?

21         D.   For those of you who answered yes regarding

22              military service, did you ever serve as

23              jury member on a court-martial or as a jury

24              member on an administrative processing

25              board hearing?

26         E.   What was the nature of the case or

27              administrative board hearing?

28         F.   What was the outcome of that proceeding?

   G.   Did anyone ever serve as the adjudicating officer on a Non-Judicial Punishment proceeding?

   H.   What was the nature of the NJP proceeding?

   I.   What was the outcome of that proceeding?

10.   Does anyone have a close family member, for example a parent, spouse, sibling or child who is currently serving in the military or a Veteran?

   A.   For those of you who answered yes, did that family member serve in a war?

   B.   For those of you who have a family member who served in a war, did that person bring home any item he or she obtained while serving overseas such as a a flag, personal item or weapon or a similar memento?

   C.   What was brought home?

   D.   Where is the item now?

11.   Does everyone understand that as a juror your duty is to apply the law regardless of whether you disagree with it?

12.   Does everyone understand that as a juror you are not to consider prejudice, pity or sympathy in deciding whether the Defendant is guilty or not guilty?

13.   Does anyone think that, regardless of the strength of the evidence, they will have trouble deciding whether the Defendant is guilty or not guilty?

14. The Defendant is wearing a military uniform today, what impact will that have on your decision in this case?

15. Does anyone believe that a defendant who has served his or her country should be given special treatment?

16. Does anyone believe that military service members should not be subject to civilian laws?

17. Does everyone agree that all citizens, regardless of their military service to this country, must abide by the law?

18. Will the fact that the Defendant served in Iraq impact your evaluation of the facts in this case?

19. Does anyone think they cannot decide whether a person is guilty or not guilty?

20. Does anyone have religious or moral beliefs which will make it difficult for them to make a decision strictly based on the law and facts of this case?

//
//
//
//
//
//
//
//
//
//

07CR3239-JM

# VII

## JURY INSTRUCTIONS

The United States will submit proposed jury instructions under separate cover.  The United States reserves the right to submit additional instructions at the Fed. R. Crim. P. 30 conference.

DATED: May 27, 2008.

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/ *Nicole Acton Jones*
NICOLE ACTON JONES
Assistant U.S. Attorney

TARA MCGRATH
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Criminal Case No07CR3239-JM |
| | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CERTIFICATE OF SERVICE |
| LEONARDO SAN JUAN, JR., | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

IT IS HEREBY CERTIFIED THAT:

I, NICOLE ACTON JONES, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S TRIAL MEMORANDUM** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Joseph H. Low IV

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 27, 2008.

/s/ *Nicole Acton Jones*
NICOLE ACTON JONES
Assistant U.S. Attorney

07CR3239-JM