1  KAREN P. HEWITT
   United States Attorney
2  NICOLE ACTON JONES
   TARA MCGRATH
3  Assistant U.S. Attorneys
   California State Bar Nos. 231929, 254209
4  Federal Office Building
   880 Front Street, Room 6293
5  San Diego, California  92101-8893
   Telephone: (619) 557-5482/6920
6  Nicole.Jones@usdoj.gov
   Tara.McGrath@usdoj.gov
7
   Attorneys for Plaintiff
8  United States of America

9

10              **UNITED STATES DISTRICT COURT**

11             **SOUTHERN DISTRICT OF CALIFORNIA**

12
   UNITED STATES OF AMERICA,     ) Criminal Case No.  07CR3239-JM
13                               )
              Plaintiff,         ) Date:       May 30, 2008
14                               ) Time:       1:30 p.m.
        v.                       )
15                               ) GOVERNMENT'S SUPPLEMENTAL
   LEONARDO SAN JUAN, JR.,       ) MOTION <u>IN LIMINE</u> TO LIMIT
16                               ) CHARACTER EVIDENCE
                                 )
17            Defendant.         )
                                 )
18                               )
   _____)
19

20       PLEASE TAKE NOTICE that on May 30, 2008, at 1:30 p.m., or

21  as soon thereafter as counsel may be heard, the Plaintiff, the

22  UNITED STATES OF AMERICA, by and through its counsel, Karen P.

23  Hewitt, United States Attorney, and Nicole Acton Jones and

24  Tara McGrath, Assistant United States Attorneys, will ask the

25  Court to issue an order granting the following Motion <u>in</u>

26  <u>Limine</u>.  This motion is based upon the files and records of

27  the case together with the previously submitted Statement of

28  Facts and Memorandum of Points and Authorities.

**I.**

## THE COURT SHOULD LIMIT CHARACTER EVIDENCE

The United States has been provided with a list of 12 possible Defense witnesses in this case. Based on conversations with eight of the 12 individuals provided on the Defense list, the United States anticipates that Defendant may improperly attempt to introduce testimony regarding Defendant's good military character and specific acts of prior good conduct.

In a criminal case, "a defendant may offer evidence of 'a pertinent trait of his character' under Rule 404(a)(1); this evidence may take the form of testimony as to reputation under Rules 405(a) and 803(21)or of opinion testimony under Rule 405(a)." United States v. Barry, 814 F.2d 1400, 1402-3 (9th Cir. 1987). Evidence of specific instances of good conduct is only admissible in cases where the character trait in question an "essential element" of the charge or a defense. Fed. R. Evid. 405(b). Thus, while it is permissible for a criminal defendant to attempt to show a pertinent character trait through reputation or opinion testimony, a character witness may not offer specific instances of good conduct by the defendant. See United States v. Hedgecorth, 873 F.2d 1307, 1313 (9th Cir. 1989).

In interpreting the permissible scope of character evidence under Rule 404(a), the Ninth Circuit has ruled that presentation of witnesses to testify about a defendant's character for lawfulness or "law abidingness" is generally permissible. United States v. Diaz,961 F.2d 1417, 1419 (9th

1  1992) (holding that general questions about whether a

2  defendant is generally law abiding were proper, but questions

3  on whether he would engage in a particular crime were not).

4  Evidence of other character traits, however, is only

5  admissible if the trait is relevant to the charged crime.  In

6  Hedgecorth, for example, the defendant was charged with

7  multiple violations of federal explosives and firearms laws,

8  including a charge under 26 U.S.C. § 5861(d).  873 F.2d at

9  1309.  The Ninth Circuit affirmed the district court's ruling

10  that defense evidence regarding the defendant's role as an

11  intelligence operative for the United States was not

12  admissible to show he was "patriotic" or "pro-Government."

13  Id. at 1313.  The Court further held that such evidence was

14  not admissible to show the defendant's character lawfulness

15  because it went beyond reputation or opinion testimony.  Id.

16      It would appear, based on conversations with Defense

17  witnesses, that the intention of the Defense is to go way

18  beyond that which is allowed.  The United States requests that

19  the court rule in favor of this motion to preclude any

20  character testimony beyond Defendant's general character for

21  "law abidingness." The United States makes this request

22  specifically pertaining to, but not limited to, testimony

23  regarding how the Defendant conducted himself during

24  deployments to Iraq, his leadership skills in combat, his

25  teaching skills, his generosity, his willingness to stand up

26  for other people, his level of physical fitness, his military

27  skills, his Martial Arts abilities, and/or testimony regarding

28  his role as a mentor for junior Marines.

1    The character traits described above are not relevant to

2 the charge of possession of an unregistered machinegun and

3 should be excluded.  See United States v. Washington, 106 F.3d

4 983, 999 (D.C. Cir. 1997)(evidence of prior commendations

5 received by the defendant (a police officer) not admissible to

6 show   character   for   "dedication,   aggressiveness   and

7 assertiveness" in police work where defendant was charged with

8 drug and weapons offenses); United States v. Nazzaro, 889 F.2d

9 1158, 1168 (1st Cir. 1989) (excluding evidence of police

10 officer's prior commendations because "the traits which they

11 purport to show-bravery, attention to duty, perhaps community

12 spirit-were hardly 'pertinent' to the crimes [of perjury and

13 conspiracy to commit mail fraud] of which [the defendant]

14 stood accused").

15    Thus, the United States hereby moves in limine to

16 prohibit Defendant from introducing testimony from any

17 character witness about the Defendant's good military

18 character and/or specific acts of prior good conduct.

19    DATED: May 27, 2008.

20

21                              Respectfully submitted,

22                              KAREN P. HEWITT
                                United States Attorney

23

24                              /s/ *Nicole Acton Jones*
                                NICOLE ACTON JONES
25                              Assistant U.S. Attorney

26                              TARA K. MCGRATH
                                Assistant U.S. Attorney

27

28

07CR3239-JM

```
                     UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF CALIFORNIA


 UNITED STATES OF AMERICA,    )  Criminal Case No07CR3239-JM
                              )
                              )
                              )
          Plaintiff,          )
                              )
 v.                           )
                              )  CERTIFICATE OF SERVICE
 LEONARDO SAN JUAN, JR.,      )
                              )
          Defendant.          )
 _____ )
```

IT IS HEREBY CERTIFIED THAT:

I, NICOLE ACTON JONES, am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action.  I have caused service of **GOVERNMENT'S SUPPLEMENTAL MOTION IN LIMINE** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1.  Joseph H. Low IV

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 28, 2008.

                              /s/ *Nicole Acton Jones*
                              NICOLE ACTON JONES
                              Assistant U.S. Attorney