Joseph H. Low IV (SBN 194897)
THE LAW FIRM OF JOSEPH H. LOW IV
One World Trade Center
Suite 2320
Long Beach, CA  90831
Telephone: (562) 901-0840
Facsimile: (562) 901-0841

Attorney for Defendant
LEONARDO SAN JUAN

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>LEONARDO SAN JUAN, JR.<br><br>　　　　　　　　　　　　Defendant. | Criminal Case No. 07CR3239-JM<br><br>DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE AND MOTION TO ADMIT |

## FACTUAL BACKGROUND

Sergeant Leonardo San Juan is currently an active duty United States Marine.  He serves in a very specialized unit called Marine Corps Reconnaisance, S.O.Com., which stands for special operations command.  Sgt. San Juan's mission is to be inserted, without detection, behind enemy lines and to conduct covert operations against the enemy.  These highly trained Marines are unique in that they are to conduct these missions with little or no support.  The average Marine Corps infantryman will attack, never defend, enemy positions, secure the object and then rapidly move on to the next area occupied by the enemy.  When they do this the infantryman is assisted by support units such as the medics, ammunition supply, food and water supply, air support, artillery support and mechanized (tank) support.  The S.O.Com. Recon Marines go in only with what they can carry in their pockets.  If they run out of ammo, water or food they will need to fend for themselves.

Sgt. San Juan is one of the most decorated Recon Marines in the unit for his acts of heroism, lives he has saved and the missions that he has repeatedly accomplished in combat. Currently, he is being charged with having possession of a war trophy. A single AK-47 that he is accused of bringing back from Iraq. As a result, the government is seeking a conviction for a felony, which the government wants Sgt. San Juan to do prison time for. Further, in order for Sgt. San Juan to continue to conduct the missions that he has trained for years to become proficient at, he must maintain a classified, "secret" security clearance. If he is convicted he will be discharged from the Marine Corps and will lose his career.

## I.

## GOVERNMENT'S MOTIONS IN LIMINE

1. <u>Mrs. San Juan's statements are hearsay with no valid exception or reliability of accuracy</u>.

The government seeks to admit a statement by Mrs. San Juan that she made to someone at a shooting range. To date, that witnesses information has not been provided to us. Reports have been provided as to what some agent may have heard an anonymous witness say to the agent, but the name of that person was redacted and we have had no meaningful way to interview the witness as to the veracity and accuracy of the statement. In addition, the government has suggested what the witness may say, but has not provided any support for the statements.

The hearsay analysis shows that this statement is a triple layer hearsay statement. The government claims that Captain Davis will testify about an out of court statement that he heard from Mrs. San Juan. Further Mrs. San Juan supposedly made and out of court statement to Mr. Davis about what Sgt. San Juan said to her at some other time. Therefore, the government intends to ask the court to have Mr. Davis testify to what Mrs. San Juan said about what Sgt. San Juan said. These statements are clearly hearsay.

"Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." F.R.E 801(c)  In this case the government needs to argue that the statement was against the penal interest of Mrs. San Juan so that they can try to push the triple hearsay into the F.R.E. 804(b)(3) category. The government must prove that the statement was "so far contrary to the declarant's pecuniary or

proprietary interest, or so far tended to subject the declarant to civil or criminal liability . . ."
The government fails to meet this proof standard. Mrs. San Juan supposedly was asked if she has anything easier to use. She supposedly responded that there were weapons in the garage, that were brought back from Iraq by Sgt. San Juan.

This analysis fails because even if this accusation were true, Mrs. San Juan was not the one who brought them back from Iraq. Therefore, she cannot have any criminal liability. Therefore it cannot be a statement against her penal interest. This is further highlighted by the fact that when the agents came to the house, she was the only one home and they found a single war trophy weapon only. If this weapon subjected her to criminal liability, why was she not arrested and why was she not charged? There is no declaration against interest. Further, it is required that the witness would not normally make such a statement because they would know that it is a crime to admit such things. The evidence does not show that Mrs. San Juan was aware that the gun was illegal. Again, the government has not made the necessary showing that Mrs. San Juan had criminal liability or a belief that it was criminal at the time the statements were made and as a result, the government cannot admit this evidence.

2.    <u>The Government Should Not Be Permitted To Admit Statements Regarding the M-4</u>

The government seeks to admit evidence of an M-4, which was legally bought and paid for in Texas, which allows such weapons. Had Sgt. San Juan checked the weapon into the base armory, which Marines are allowed to do, he would not have been in any type of violation. Sgt. San Juan's legal residence is in Texas. Since he is in the military, they are often moved from state to state and from country to country. As a result, they are not required to change the license plates on their vehicles and can vote absentee for their state of record. However, Sgt. San Juan has not been convicted of a crime involving the M-4 and therefore evidence surrounding this weapon should be inadmissible due to F.R.E. 401 and 403. The evidence is irrelevant to these proceedings and the evidence is more prejudicial than it is probative. He clearly is not charged in the federal court indictment because it is not a federal crime to own this weapon. Since this weapon does not have an inherent illegal nature, it has not relevance or bearing to the case at hand.

Further the prosecution suggests that ownership of the weapon somehow suggests criminal liability on the part of Mrs. San Juan. This is not possible since the prosecution states that she was not the owner of the weapon and it is not a federal crime to even own such a weapon. So how can she make a declaration against penal interest if it is not a federal crime to own the weapon and she was not the owner?

**3.**     The Statements Should Not Be Limited OR Admitted.

The government seeks to admit triple hearsay that cannot be proven to be reliable in any way. The government argues that the statements are reliable due to the fact that a single AK-47 was found. However, the statement that they seek to admit is that there were 50 of them. The evidence that they seek to admit contradicts the evidence that was found. In order to prove reliability the government must have sufficient and persuasive corroborating evidence. In this case the government can only produce contradictory and non-corroborating evidence. Therefore, the triple hearsay rumors should not be admitted.

Further, the government has stated that the defense has stated what our defense would be. On the contrary, we simply provided a witness list of individuals, some of which will say that they have access to the garage where the war trophy was found. I am not sure how the government can state as to what our defense is since she has not been apart of our team and we have not given them permission to listen to our telephone calls.

4.     Sgt. San Juan's Supposed Statements

To date we have not been provided with any of the statements alleged in the government's motion. Reading it in this motion was the first that we have been made aware of these alleged statements. The defense will concede that if the government produces a statement that purports to be an admission by the defendant, that under F.R.E. 801(d)(2) such statements would appear to be admissible. However, to date we have not received any such evidence. If you will recall, he government stated that they had provided us with all of the discovery. You would think that a defendant's admission to the crime would have been something that we would have received in the beginning rather than on the realization that the case is going to go to trial.

However, Sgt. San Juan's statements to Mrs. San Juan, which were advising her of her

rights, should not be admissible as they are perfectly legal and in no way interfered with the serving of a subpoena. Therefore, these statements are simply intended to be used as F.R.E. 403 prejudicial statements and are not probative as to whether or not Sgt. San Juan was in possession of an illegal weapon.

## CONCLUSION

For the reasons stated above, and for any other reason that the Court may deem just and proper, defendant Leonardo San Juan respectfully requests that the Court deny the governments motion to admit the triple hearsay statements by Mrs. San Juan, the evidence of the M-4 and statements not provided in discovery by Sgt. San Juan.

DATED: May 29, 2008

                                                               Respectfully Submitted,

                                                               */s/ Joseph H. Low IV*
                                                               JOSEPH H. LOW IV
                                                               Attorney for Defendant
                                                               Leonardo San Juan
                                                               Email: joseph@jhllaw.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Criminal Case No. 07CR3239-JM |
| Plaintiff, | ) |
| vs. | ) |
| LEONARDO SAN JUAN, JR. | ) |
| Defendant. | ) |

IT IS HEREBY CERTIFIED THAT:

I, MEGAN TANKERSLEY, am a citizen of the United States and am at least eighteen years of age. My business address in One World Trade Center, Suite 2320, Long Beach, CA 90831.

I am not a party to the above-entitled action. I have caused service of **DEFENDANT'S OPPOSITION TO GOVERNMENTS MOTIONS IN LIMINE** on the following parties by electronically filing the foregoing with the Clerk of the District Court using ECF System, which electronically notifies them.

Karen P. Hewitt
United States Attorney
Nicole Acton Jones
Assistant U.S. Attorney

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 30, 2008

*/s/ Megan Tankersley*
MEGAN TANKERSLEY